# COMMERCIAL PACIFIC CABLE COMPANY *vs.* THE STEAMSHIP MANCHURIA.

## October 15, 1906.

*Pleading—Libelant as charterer of ship employed in salvage:* In a libel for salvage by the charterer of the vessel used in the salvage service, an interest of libelant in such vessel justifying his claim of right to bring suit, is a material fact and should be alleged.

*In Admiralty:* Exception to libel *in rem* for salvage.

*Ballou & Marx,* Proctors for Libelant.
*Kinney, McClanahan & Derby,* Proctors for Libellee.

DOLE, J. The libelant filed its libel for salvage against the libellee. The libel begins with the following words: " The libel and complaint of the Commercial Pacific Cable Company, a corporation organized and existing under and by virtue of the laws of the State of New York and doing business within the Territory of Hawaii, the charterer of the Cable Steamship Restorer, whereof Basil C. Combe is master, which libel is brought on behalf of itself and the master, officers and crew of said C. S. Restorer; against the steamship Manchuria," etc. Article second of the libel begins as follows: " That on Monday, the 20th day of August, A. D. 1906, the said Cable Steamship Restorer being of the tonnage of 3180 tons gross, and 1264 tons net register, whereof the said Commercial Pacific Cable Company was and still is the charterer," etc.

The libellee filed its exception to the libel on the ground "that it does not appear in and from the allegations of said libel that said libelant has sufficient interest in and to the cable ship Restorer mentioned in said libel to entitle it to maintain said libel against said Steamship Manchuria."

The authorities recognize a distinction in charters to the effect that where by the terms of the charter-party the entire

vessel is let to the charterer "with a transfer to him of its command and possession and consequent control over its navigation, he will generally be considered as owner for the voyage or service stipulated. But, on the other hand, if the charter-party let only the use of the vessel, the owner at the same time retaining its command and possession, and control over its navigation, the charterer is regarded as a mere contractor for a designated service, and the duties and responsibilities of the owner are not changed. In the first case the charter-party is a contract for the lease of the vessel; in the other it is a contract for a special service to be rendered by the owner of the vessel." *Leary v. United States,* 81 U. S. 607, 610; *Gracie v. Palmer,* 21 Id. 605; *Reed v. United States,* 78 Id. 591, 601.

Under the allegations of this libel there is no averment that the libelant holds the vessel under a charter which gives it such control of the vessel and so renders it responsible for its full management and its navigation,—furnishing supplies and providing a crew, as would show that it is in full control thereof as owner for the time being. It therefore does not appear that the libelant has a legal right to salvage from the allegations of salvage services set forth.

Counsel for the libelant claims that this point is sufficiently covered by the allegations of article 14 of the libel which avers "that libelant by reason of the services rendered as aforesaid deserves and is justly entitled to meet and competent salvage." I do not think that this is a sufficient averment of ownership for the time being as is required by the rules of pleading. *Adm. Rule* 23. It is simply an averment that under the allegations of the libel it is justly entitled to salvage, which is a proposition of law.

In *The Cherokee,* 30 Fed. Rep. 640, the court said: " This is a motion in the nature of a demurrer as to the sufficiency of the libel. The libel begins in these words: ' The libel of Thomas Young, owner of the steam-tug Monarch, of Charleston, for himself and all others entitled, against the S. S. Cherokee, in a cause of salvage, civil and maritime, alleges as

follows: First,' etc. Nowhere in the allegations following this heading is it stated that Young is the owner of the ·tug Monarch; nor is his name mentioned or his ownership alluded to. Upon this point respondent excepts to the libel. The ownership of the tug is a material fact, and it may become of essential importance in the protection of the respondent in obeying the decree of the court in this case. It should therefore be alleged in a distinct article, (Rule 23d, Adm.,) so that respondent may traverse it, if he be so advised, or at least may require proof of it. Even if this has not been adopted as the universal rule, it is better pleading."

I am disposed to adopt the rule set forth in the above case and allow the exception. The libelant has leave to amend its libel and is allowed ten days in which to do so.